IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDMUND WRIGHT, | ) | |
| Petitioner, | ) | |
| v. | ) | 3:09-CV-2010-N |
| | ) | 3:06-CR-252-N |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

On April 24, 2007, Petitioner was convicted of one count of conspiracy to possess with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846, and one count of attempt to possess contraband in prison and aiding and abetting, in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(1) and 2. On August 6, 2007, he was sentenced to 360 months confinement and eight years supervised release. On September 25, 2008, the Fifth Circuit Court of Appeals affirmed the conviction and sentence.

On October 22, 2009, Petitioner filed the instant § 2255 petition. He argues:

1. He was denied the right to confrontation when the court admitted statements from a coconspirator who did not testify at trial;

2. He received ineffective assistance of counsel because his counsel failed to object

Page 1

to his co-conspirator's statements on the basis of lack of confrontation.

3. The state submitted false evidence that Petitioner was the only person who received shipments;

4. The evidence was insufficient to support the convictions.

5. He received ineffective assistance of habeas counsel.

## II. Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct appeal.

> [Petitioner] was an inmate at FCI Seagoville, a minimum security federal prison, and worked as the inmate clerk for the prison's Interlibrary Loan Program ("ILL Program"). The ILL Program allowed inmates to request books from other libraries. [Petitioner] worked alone in his position, and was responsible for processing incoming boxes of books and distributing the books to other inmates. Mathews was [Petitioner's] long-term girlfriend and was not incarcerated during the periods relevant to this case.
>
> In early 2005, Ramon Rentas ("Rentas") and Steve Salazar ("Salazar"), who were inmates at FCI Seagoville, conspired to smuggle contraband into the prison using books and false-bottom boxes. Rentas instructed Salazar on how to hide contraband in the spine of the books and in false-bottom boxes. Rentas also directed Salazar to have a family member send the packages to the ILL Program and provided him with mailing labels to use on the packages. The labels were addressed to the FCI Seagoville ILL Program and bore the return address of the Arlington Public Library. During family visitations, Salazar convinced his mother, Armadina Salazar ("Nina"), to participate in the scheme and gave her the labels he received from Rentas.
>
> * * *
>
> In early 2005, [Petitioner] directed Mathews to give Nina $300.00. Mathews did so, and Nina used that money (and other sums) to purchase two ounces of methamphetamine. The mail room intercepted Nina's third shipment on July 12, 2005. This shipment was two large envelopes with labels addressed to the ILL Program with the return address of the Arlington Public Library. Inside the envelopes, Lt. Munoz found small bags containing two ounces of methamphetamine hidden in the spines of four hardcover books. Lt. Munoz contacted the FBI, which began an investigation in conjunction with the prison. Lt. Munoz started monitoring [Petitioner's] phone calls because he was the ILL Program's only inmate-employee. On July 28, 2005, the mail

room intercepted a fourth shipment, a false-bottom box of four books. Inside the false bottom, Lt. Munoz found contraband including a cell phone, a cell-phone charger, a cell-phone earpiece, creatine, and pornography.

\* \* \*

At trial, the parties generally agreed on the facts as described above. Mathews acknowledged that she sent the fourth shipment. She also admitted giving Nina $300.00. Mathews claimed, however, that she was not involved in the scheme to smuggle methamphetamine into the prison and had no knowledge that Nina was going to use the $300.00 to purchase methamphetamine. [Petitioner] also argued he had no involvement in the scheme, and claims he only directed Mathews to give Nina $300.00 in order to settle a gambling debt. The Government, however, argued that [Petitioner] orchestrated the scheme and recruited Rentas, provided Rentas with the mailing labels, and discussed the scheme with Mathews through coded telephone conversations. The Government also argued that Mathews, contrary to her assertions, was a knowing participant in the scheme.

The jury found Mathews and [Petitioner] guilty on all three counts.

*United States v. Mathews*, No. 07-10873 (5th Cir. Sept. 25, 2008), slip op. at 2-4.

### III. Discussion

**1. Denial of Right to Confrontation**

Petitioner argues his right to confrontation was denied when the court allowed Steve Salazar to testify regarding statements Ramos Rentas made about Petitioner's involvement in the conspiracy. Ramos Rentas did not testify at trial.

Petitioner failed to raise this claim on direct appeal. When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). In this case, Petitioner has failed to show cause why he did not raise this

claim on direct appeal. Additionally he has failed to show that he is actually innocent. This claim is therefore procedurally barred.

Additionally, the admission of Rentas's statements did not violate the Confrontation Clause. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court determined that out-of-court statements that are testimonial are barred by the Confrontation Clause. The Court specifically held, however, that statements made between co-conspirators in furtherance of a conspiracy are not testimonial. *Id*. at 56; *see also, United States v. King*, 541 F.3d 1143, 1145-46 (5th Cir. 2008) (same). Petitioner, Rentas and Salazar were found to be co-conspirators in this case. Petitioner has failed to show a violation of the Confrontation Clause.

**2.     Ineffective Assistance of Counsel**

Petitioner argues his counsel was ineffective because he failed to raise a Confrontation Clause objection to Steve Salazar's testimony regarding what Ramos Rentas said about Petitioner's involvement in the conspiracy.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

As discussed above, however, Steve Salazar's testimony regarding Ramos Rentas's statements did not violate the Confrontation Clause because they were co-conspirator statements made in furtherance of the conspiracy. *Crawford*, 541 U.S. at 56. Petitioner therefore cannot show that his counsel was deficient for failure to object on the basis of the Confrontation Clause. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make frivolous motions). This claim should be denied.

**3.     False Evidence**

Petitioner argues the prosecution entered false evidence at trial that he was the only person who received shipments at the ILL Office. Petitioner submits affidavits from two inmates to support his claim. This claim, however, is procedurally barred.

As discussed above, when a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley*, 523 U.S. at 622 (1998).

In this case, although Petitioner filed an appeal, he did not argue that the prosecutor entered false evidence. Although Petitioner states he recently obtained the inmate affidavits, he has stated no reason why he did not obtain this information earlier. Petitioner has therefore

Page 5

failed to show cause why he did not raise this claim on direct appeal. Additionally he has failed to show that he is actually innocent. This claim is procedurally barred.

**4.     Insufficient Evidence**

Petitioner argues the evidence was insufficient to support his convictions. Petitioner raised this claim on direct appeal. Claims previously litigated and rejected on direct appeal cannot be re-litigated in a post-conviction motion pursuant to 28 U.S.C. § 2255. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). This claim should be denied.

**5.     Habeas Counsel**

On April 27, 2010, Petitioner filed correspondence that appears to argue he has received ineffective assistance of counsel in this § 2255 petition. A petitioner, however, is not constitutionally entitled to counsel on collateral review. *Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995). A claim of ineffective assistance of habeas counsel is therefore not cognizable. *Id*. Petitioner's claim should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 29th day of June, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).